UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES YARBER,

    Plaintiff,

v.    Case No. 19-10392

M.J. ELECTRIC, LLC,    HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 10)[1]**

I. Introduction

This is a tort case. Plaintiff James Yarber (Yarber) is suing Defendant M.J. Electric, LLC (M.J.) for injuries suffered as a result of an automobile accident in Indiana. Although the complaint does not plead a particular cause of action, it appears that Yarber is suing under the Michigan Ownership Liability Statute, M.C.L. § 257.401 which imposes liability for "negligent operation of a motor vehicle."

Before the Court is M.J.'s motion to dismiss on the grounds that Indiana law applies and under Indiana law, Yarber's claim is precluded. For the reasons that follow, the motion will be granted because Indiana law applies and Yarber's exclusive remedy against M.J. is Indiana worker's compensation benefits. As such, the complaint based on Michigan law fails to state a claim upon which relief can be granted.

---

    [1]Although originally scheduled for hearing, upon review of the parties' papers, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

## II. Background

Yarber is a resident of Mississippi and is employed by M.J. M.J. is incorporated in Delaware and does business in Michigan. On December 21, 2017, Yarber was injured was walking in a parking lot in Indiana by a vehicle owned by M.J. and driven by another M.J. employee. The vehicle was registered in Michigan. Yarber suffered injuries as a result and received worker's compensation benefits under M.J.'s Indiana worker's compensation law. By April of 2018, Yarber had reached maximum medical improvement and was able to return to work full time. Yarber then sued M.J. in Michigan seeking damages for his injuries.

## III. Legal Standard

In assessing a Rule 12(b)(6) motion, the district court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001). The defendant bears the burden of demonstrating that the plaintiff has failed to state a claim upon which relief can be granted. Crugher v. Prelesnik, 761 F.3d 610, 614 (6th Cir. 2014). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the [party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. 555-56). However, "[t]hreadbare recitals of all the elements of a

cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. 662, 678 (2009).

"In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), th[e] Court may only consider 'the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice.'" Murray v. Geithner, 624 F. Supp. 2d 667, 671 (E.D. Mich. 2009) (citing 2 James Wm. Moore et al., Moore's Federal Practice 12.342 (3d ed. 2000).

IV. Analysis

1. Choice-of-Law Analysis

Given the place of the incident, a threshold, and dispositive, issue is what law applies. Yarber says that Michigan, rather than Indiana law, applies because: (1) the Court sits in Michigan, (2) Yarber's claim is based upon a Michigan statute, and (3) the vehicle that struck Yarber carried a Michigan license plate. M.J. says that under a Michigan choice-of-law analysis, Indiana law applies.

"A federal court sitting in diversity faced with a choice-of-law issue applies the choice-of-law rules of the forum state." Atlas Techs., LLC v. Levine, 268 F. Supp. 3d 950, 961 (E.D. Mich. 2017), citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941). "Michigan courts . . . use another state's law where the other state has a significant interest and Michigan has only a minimal interest in the matter." Id. (citation and quotation marks omitted).

To determine whether there is a rational reason for displacement, Michigan courts apply a two-step analysis:

> First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will

3

apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan's interests mandate that Michigan law be applied, despite the foreign interests.

Id. (citation omitted). A choice-of-law analysis "requires consideration whether the foreign law sought to be applied will benefit the interests it was designed to protect." Mahne v. Ford Motor Co., 900 F.2d 83, 88 (6th Cir. 1990).

M.J. says that under a proper choice of law analysis, Indiana law applies. The Court agrees. Here, a main purpose of Indiana's Worker's Compensation Act is that it "benefits the business community in providing protection from large verdicts by permitting the business community to more easily predict, quantify and plan for anticipated costs from employee injuries." Evans v. Yankeetown Dock Corp., 491 N.E.2d 969, 971 (Ind. 1986). Permitting Yarber to proceed in this Court would destroy that purpose.

Analogous case law supports the Court's conclusion. In Scott v. AMEC Kamtech, Inc., 583 F. Supp.2d 912, 917 (E.D. Tenn. 2008), the plaintiff, a citizen of Tennessee, was injured while working as a millwright for a Tennessee subcontractor on a construction project in Texas. The plaintiff subsequently received worker's compensation benefits under the Tennessee worker's compensation law. The court held that under Tennessee choice-of-law rules, the Tennessee worker's compensation statute, not the Texas statute, governed the case, and further, the general contractor was protected by the exclusive remedy provision of Tennessee's worker's compensation law. The court reasoned that applying the law of the state that has awarded worker's compensation benefits addresses the choice-of-law factors by giving comity to the state that has already exercised jurisdiction over the matter. The court explained that it also

4

ensured certainty, uniformity, and predictability by applying entire statutory scheme to injury, prevented inconsistency of applying Texas law in a case in which Texas would respect Tennessee's exclusive remedy provision, precluded forum-shopping, and advanced the public policy behind worker's compensation law.

Additionally, in Farrell v. Ford Motor Co., 199 Mich. App. 81, 93 (1993), plaintiff, a citizen of North Carolina, brought a products liability action in Michigan against Ford for an allegedly defective automobile purchased and registered in North Carolina. Plaintiff argued for Michigan law to apply. Application of North Carolina law would have barred the plaintiff's claim due to a six-year statute of repose applicable to products liability actions. The Michigan Court of Appeals found that North Carolina had "an obvious and substantial interest in shielding Ford from open-ended products liability claims" because "Ford unquestionably generates substantial commerce within the State of North Carolina." Id. at 93. The court of appeals concluded that North Carolina had an interest in encouraging manufacturers to do business in North Carolina, regardless of whether they operated manufacturing plants within the state's borders. Id. The court of appeals stated that Ford's "substantial business dealings with the citizens of North Carolina gives North Carolina a substantial interest in encouraging more commercial activity and in affording defendant the protection provided by that state's statute of repose." Id. By contrast, the court of appeals found that Michigan's interest in having its law applied was minimal. "Michigan has little or no interest in this North Carolina accident involving a North Carolina resident. Michigan has no interest in affording greater rights of tort recovery to a North Carolina resident than those afforded by North Carolina." Id. at 94. The court of appeals concluded that "Michigan is merely the forum state and situs of

5

defendant's headquarters. Such minimal interests are insufficient to justify the result-oriented forum shopping that has been attempted." Id. (footnote omitted).

The only connection this case has to Michigan is that M.J. does business in Michigan and the car that struck Yarber was registered in Michigan. In Mitchell ex rel. Mitchell v. McNeilus Truck & Mfg., Inc., No. 304124, 2012 WL 5233630, at *7 (Mich. Ct. App. Oct. 23, 2012) the Michigan Court of Appeals rejected such bases as insufficient, stating that "Plaintiff has provided no authority for the proposition that ownership, registration, licensure, and insurance in Michigan are sufficient to provide Michigan with an interest in having its law apply that overbears the interest of the state where the accident occurred and plaintiff resides.". In finding that Ohio law applied, the court in Mitchell concluded that the "only contacts Michigan had with the accident were the registration, licensing, plating, and garaging of the truck that was involved in an accident in Ohio involving an Ohio resident and an allegedly defective product designed and manufactured in Minnesota. Michigan's interest in having its own law apply to plaintiff's product liability action is minimal, and Ohio's interest is strong." Id.

Overall, Indiana has a greater interest in having its law applied to this case, particularly where Yarber has already been awarded benefits under Indiana law. Michigan has little, if any, interest in having its law applied to a Mississippi plaintiff for an Indiana accident merely because Yarber chose Michigan as the forum. The principles of certainty, uniformity, and predictability require that Indiana law apply in order to preclude forum-shopping and advance the public policy behind its worker's compensation law

2. Indiana Law

Having determined that Indiana law applies, M.J. says that Yarber's claim is precluded based on Indiana's Worker's Compensation Act (IWCA). The Court agrees. M.J. paid Yarber worker's compensation benefits for his injury as it was required:

> Every employer and every employee, except as stated in IC 23-3-2 through IC 22-3-6, shall comply with the provisions of IC 22-3-2 through 22-3-6 respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of the employment, and shall be bound thereby.

Ind. Code § 22-3-2-2.

Both Yarber and M.J. are bound by the IWCA:

> Every employer and employee under IC 22-3-2 through IC 22-3-6 shall be bound by the provisions of IC 23-3-2 through IC 22-3-6 whether injury by accident or death resulting from such injury occurs within the state or in some other state or in a foreign country.

Ind. Code § 22-3-2-20.

The provisions of the IWCA are also incorporated into Yarber and M.J.'s contract of employment. The Indiana "Legislature had the power to rest this plan on a contractual basis, and to provide that every contract of service made by those who come within the act shall be subject to the terms and provisions thereof, there can be no doubt." Hagenback v. Leppert, 66 Ind. App. 261, 117 N.E. 531, 533 (1917), citing Ind. Code §22-3-2-4(a) ("Every contract of service between any employer and employee covered by IC 22-3-2 through 22-3-6, written or implied, . . . shall be presumed to have been made subject to the provisions of IC 22-3-2 through IC 22-3-6. . ."). Ind. Code § 22-3-2-4(a). Therefore, Yarber is both statutorily and contractually subject to the IWCA. See Stoner v. Howard Sober, Inc., 128 Ind. App. 371, 373, 149 N.E.2d 121, 123 (1958) ("It has been frequently declared that the rights and duties provided in the Workmen's Compensation Act are contractual in nature and arise out of the voluntary acceptance of

the terms thereof on the part of the employer and employee.").

Moreover, and significantly, the benefits Yarber received were his exclusive remedy against M.J.:

> The rights and remedies granted to an employee subject to IC 22-3-2 through IC 22-3-6 on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5-2-6.1.

Ind. Code § 22-3-2-6. "The Indiana Workmen's Compensation Act provides a remedy for 'personal injury or death by accident arising out of and in the course of employment.'" House v. D.P.D., Inc., 519 N.E.2d 1274, 1275 (Ind. Ct. App. 1988), citing IC 22-3-2-2. "[T]he Workmen's Compensation Act is the exclusive remedy for such injury or death, except for compensation available to victims of violent crime." Id. If a plaintiff's claim "falls within the provisions of [the] Act, his civil action is abrogated." Id.

A claim falls under the Worker's Compensation Act if it is for:

1. a personal injury or death by accident;
2. arising out of employment; and
3. arising in the course of employment.

Id.

Here, Yarber claims a personal injury, the injury arose out of his employment with M.J. and occurred in the course of his employment with M.J. Accordingly, Yarber's exclusive remedy against M.J. is for benefits under the IWCA which he received. His claim against M.J. therefore fails to state a viable claim.[2]

---

[2]As M.J. points out, Michigan's Workers Disability Compensation Act has a similar exclusive remedy provision. M.C.L. § 418.131(1) provides as follows:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or

8

V. Conclusion

For the reasons stated above, M.J.'s motion is GRANTED. This case is DISMISSED.

SO ORDERED.

S/Avern Cohn<br>AVERN COHN<br>UNITED STATES DISTRICT JUDGE

Dated: 9/18/2019
　　　Detroit, Michigan

---

occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury. An employer shall be deemed to have intended to injure if the employer had actual knowledge that an injury was certain to occur and willfully disregarded that knowledge. The issue of whether an act was an intentional tort shall be a question of law for the court. This subsection shall not enlarge or reduce rights under law.

Thus, even under Michigan law, Yarber would likewise be precluded from suing M.J. for his injuries.